IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Santos Brewster Cano, #41977-179, ) | |
| ) | Civil Action No. 3:06-1906-CMC-JRM |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Michael Pettiford, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Santos Brewster Cano ("Cano"), is an inmate at the Federal Bureau of Prisons ("BOP") correctional facility in Bennettsville, South Carolina. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 28, 2006. Respondent is Michael Pettiford, the Warden of Cano's institution. Respondent filed a "Motion to Dismiss, or in the Alternative for Summary Judgment" on September 5, 2006. Because petitioner is pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on September 18, 2006, explaining his responsibilities in responding to the motion. Cano filed a response on September 25, 2006.

As his ground for relief (Petition, 7), Cano states:

> I asked Warden Michael Pettiford for either a medical transfer to Fort Worth, Texas medical facility (federal institution) or home confinement under 18 U.S.C. § 3621(b).

The record shows that Cano is serving a 33-month sentence from the Southern District of Texas for being a felon in possession of a firearm. His projected release date is August 21, 2007. He has a variety of medical problems including heart disease. Cano seeks an order transferring him to a BOP medical facility at Fort Worth, Texas or requiring BOP to release him to home

confinement (i.e., a community confinement center ("CCC")). In his Roseboro response, Cano also asks that he be granted a "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

This action is brought pursuant to 28 U.S.C. § 2241 which states in part:

> (a) Writs of habeas corpus may be granted by the ...district courts...within their...jurisdiction...
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless–
>    (1) [The prisoner] is in custody under or by color of the authority of the United States...or...
>
>    (3) [The prisoner] is in custody in violation of the Constitution or laws or treaties of the United States.

## Discussion

1.   Exhaustion

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. Ex parte Hawk, 321 U.S. 114, 117 (1944). A state prisoner is required to present his federal constitutional claims to the state courts before seeking relief in this court. See 28 U.S.C. § 2254(b)(1)(A) and Rose v. Lundy, 455 U.S. 509, 515 (1982). On the other hand, a federal prisoner must completely exhaust the Administrative Remedy Program created by BOP regulations. 28 C.F.R. § 542.10, et seq. This program was created "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The program applies to Cano's claims.

The Administrative Remedy Program requires several steps. Prior to initiating a formal review, the inmate must attempt to informally resolve his concern with institutional staff by using

---

[1] This statute allows the sentencing court (here the Southern District of Texas) to reduce a sentence on motion of the Director of BOP based upon "extraordinary and compelling reasons [that] warrant such a reduction." Consequently, this court has no jurisdiction to entertain a sentence reduction under this statute. Further, no motion has been made by the Director of BOP. Last, this request is not cognizable as a habeas claim.

a "Request for Administrative Remedy." 28 C.F.R. 542.13(a). Assuming the concern is unresolved informally, the inmate must file "a formal written Administrative Remedy Request, on appropriate form (BP-9)" within twenty days of the "basis for the Request occurred." 28 C.F.R. § 542.14(a). The Warden of the institution must respond to the request. "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a).

Cano concedes that he has not followed this procedure to exhaust his claims because he filed no appeal with the Regional Director and General Counsel. In answering the question printed on the § 2241 form about using the Administrative Remedy Procedure, Cano states, "Further attempts at this level would have been futile. Most courts have ruled this way. I ask the Court for relief." (See. Petition, 5 and Roseboro Response, 3-4).

> Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d.Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981). Failure to exhaust may only be excused upon a showing of cause and prejudice. Carmona, 243 F.3d at 634-35.

McClung v. Shearin, 90 Fed. Appx. 444, 445, 2004 WL 225093 (4th Cir. 2004( (unpublished).

Cano has not demonstrated cause or prejudice for failing to exhaust his administrative remedies.

2.   Transfer

Cano seeks a transfer to the Federal Medical Center ("FMC") at Fort Worth, Texas, which is closer to his home, and at which he believes he will receive better medical care.

3

Alternatively, Cano seeks an order requiring BOP to place him on "home confinement"[2] for the duration of his sentence. He cites 18 U.S.C. § 3621(b) as statutory authority.

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering–
>
> > (1) the resources of the facility contemplated;
> > (2) the nature and circumstances of the offense;
> > (3) the history and characteristics of the prisoner;
> > (4) any statement by the court that imposed the sentence--
> > > (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > > (B) recommending a type of penal or correctional facility as appropriate; and
> >
> > (5) any pertinent policy statement issued by the Sentencing
> > Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse.

Cano appears to recognize that BOP has wide discretion in the place of his incarceration.

    a.    FMC

Generally, a habeas petition is the proper vehicle for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). Respondent argues that Cano's request to be transferred to the FMC is not cognizable as a habeas

---

[2] BOP may place a prisoner in home confinement at the end of his sentence pursuant to 18 U.S.C. § 3624(c).

claim because such transfer would not affect the fact or duration of his sentence. See Evans v. Federal Bureau of Prisons, 2006 WL 1515617, *1, n.1 (W.D.Va. 2006) (proposed transfer for medical evaluation does not affect the duration of petitioner's sentence). Cano recognizes that the requested transfer to an FMC would not affect the duration of his sentence. However, he argues that his habeas action is appropriate, because "(u)nder 18 U.S.C. [§] 3621(b), the BOP has sole authority to transfer an inmate <u>at any time to any</u> Penal or Correctional Facility." (Pet. Mem., 3) (emphasis in original). Cano's argument is self defeating as he does not assert that the statute grants him any right to dictate the place of his custody. BOP is directed only to consider certain factors in determining an inmate's custody classification and place of confinement. Meachum v. Fano, 427 U.S. 215 (1975).

        b.        Home Confinement

Respondent concedes that a decision not to allow Cano to finish his sentence in home confinement as allowed by 18 U.S.C. § 3624(c) is cognizable under § 2241. It is the responsibility of the BOP to designate the place of an inmate's imprisonment. 18 U.S.C. § 3621(b). BOP is directed to allow prisoners to reside in CCC's at the end of their sentences to allow for a period of adjustment. 18 U.S.C. § 3624(c). Since at least 2002, BOP has changed its regulations several times in connection with placement of prisoners in CCC's. These changes have spawned considerable litigation by inmates seeking placement in CCC's at the earliest possible time, i.e., a full six months prior to release. A rule promulgated in December 2002 was attacked and invalidated because BOP did not require consideration of the factors listed in 28 U.S.C. § 3621(b) in exercising discretionary placement of inmates at CCC's. The last change, and the one relevant to Cano's case occurred in February of 2005. The new rule, 28 C.F.R. § 570, provided BOP with discretion in CCC assignments.

> [I]n promulgating the February 2005 Rule, BOP acknowledged that it had discretion to place offenders sentenced to a term of imprisonment in CCCs before the last ten percent of their sentence, but decided to 'categorically exercise its discretion to limit inmates community confinement to the last ten percent of their sentence, not to exceed six months.' 29 Fed. Reg. at 51213. Thus, while the December 2002 policy is premised on a lack of discretion, the February Rule is based on discretion that is categorically exercised.'

Pimentel v. Gonzales, 267 F. Supp. 2d 365, 373 (E.D.N.Y. 2005).

As discussed in Respondents' memorandum, the district courts have differed in their analysis and viability of the February 2005 rule. Two circuit courts have found the rule invalid because the exercise of "categorical discretion" by the BOP limits the statutory directive to individually apply the factors set forth in 28 U.S.C. § 3621(b). Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) and Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006). The undersigned concludes the weight of authority holds the BOP 2005 regulation to be invalid.

## Conclusion

After reviewing the record, it is recommended that respondent's motion for summary judgment be granted as petitioner has failed to exhaust his administrative remedies, and his requests for a compassionate discharge and transfer to an FMC are not cognizable.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

August 3, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).